UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

DRM, INC.,

          Plaintiff,

    v.                                      Case No. 14-cv-754

BLM LAND, LLC,

          Defendant.

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

NOW COMES Defendant, BLM Land, LLC, by and through its undersigned counsel, and submits the following proposed jury instructions.

The Defendant has no objection to the Court's standard introductory or closing instructions. As this lawsuit is based on diversity jurisdiction and is governed by Wisconsin law on substantive matters, Defendant requests that the Court's standard instructions on damages be replaced with those instructions listed below.

The Defendant proposes the following attached liability instructions:

1. Agreement  (WIS JI-Civil 3010)

2. Contracts: Ambiguous Language (WIS JI-Civil 3051)

3. Unresolved Contractual Ambiguities

4. Contractual Language: Incorporated Herein by Reference

5. Modification by Conduct  (WIS JI-Civil 3032)

6. Contracts: Subsequent Construction by Parties (WIS JI-Civil 3050)

7. Breach of Contract (WIS JI-Civil 3053)

8. Waiver (WIS JI-Civil 3057)

9. Preliminary Contractual Writings

10. Intentional Interference with Contractual Relationship (WIS JI-Civil 2780)

11. Intentional Versus Negligent Conduct (WIS JI-Civil 2001)


The Defendant proposes the following attached damages instructions:

1.  Damages: General  (WIS JI-Civil 1700)

2.  Consequential Damages for Breach of Contract (WIS JI-Civil 3710)

3.  Damages: Incidental (WIS JI-Civil 3720)

4.  Damages: Future Profits (WIS JI-Civil 3725)

5.  Damages: Loss of Expectation (WIS JI-Civil 3735)

6.  Damages: Intentional Interference with Contractual Relationship


Dated this 24th day of April, 2015.

<div style="margin-left:40%;">

s/ Lori M. Lubinsky
State Bar No. 1027575
Attorneys for Defendant
AXLEY BRYNELSON, LLP
P.O. Box 1767
Madison, WI 53701-1767
Telephone:  608-257-5661
E-mail:  llubinsky@axley.com

</div>

## 3010  AGREEMENT

For a contract to be binding, three things must concur:  first, the offer; second, the acceptance; and third, the consideration.

For the parties to come to an agreement, it is necessary that there be a meeting of the minds of the parties upon the essential terms and conditions of the subject about which they are agreeing; that is, they must be in accord upon the essential terms and conditions.  There must be a mutual assent.

The language used and the conduct of the parties must disclose sufficiently the fact that the minds of the parties have met, or have been in accord, on all the terms of the agreement, or, in other words, disclose the fact that there has been a mutual assent.  One party cannot make an agreement; both parties must, by their words or actions, assent to the agreement.

Usually, the form of an agreement is that one party makes an offer and the other party accepts the offer.

[An agreement may be written, oral, or partially written and partially oral.]

Copyright 2011, Regents, Univ. of Wis.

## 3051  CONTRACTS:  AMBIGUOUS LANGUAGE

The parties dispute the meaning of the following language in their contract: ~~(insert language found by the court to be ambiguous)~~.

The Use of Premises section of the Lease states:

Lessor shall prepare and deliver to Lessee for Lessee's approval a recordable form of non-competition restrictive covenant in the form attached to this Lease as Exhibit 'A" and incorporated herein by reference (the "Declaration of Restrictive Covenant"), covering all of Lot 2 CSM as recorded in Volume 30, Pages 333-342 as Document # 1819525, City of Janesville, Rock County, Wisconsin, prohibiting the sale, lease, or transfer of any kind or use or any part of said Lot 2 or by any concept that prepares and serves hot or cold sliced or chopped meats or deli-style or sub-style sandwiches including but not limited to Subway, Panera Bread, Jimmy John's, Quiznos, Jason's Deli, and Paradise Bakery.

The Declaration of Restrictive Covenant incorporated by reference into the Lease states:

For so long as DRM, its successors or assigns is "continuously operating" (as defined below) an Arby's restaurant on the Arby's Tract, no property within or comprising the Developer Tract, or any part thereof, shall be leased, sold, occupied, used or operated by any party as a concept that prepares and serves hot or cold sliced or chopped meats in deli-style or sub-style sandwiches, including but not limited to Subway, Panera Bread, Jimmy John's, Quizno's, Jason's Deli and Paradise Bakery.

It is your duty to interpret the contract to give effect to what the parties intended when they made their agreement.  In determining the meaning of the language, you should consider ~~[include such of the following as are supported by the evidence]~~:
-- the words in dispute,
-- the purpose of the contract,
-- the circumstances surrounding the making of the contract,
-- the subsequent conduct of the parties,
-- other language in the contract,
-- ~~[list any other specific factors relating to the case]~~

If you are unable to decide the intention of the parties after considering these factors, then you should interpret the disputed language against the party who prepared the contract.

Copyright 2012, Regents, Univ. of Wis.

**<u>Unresolved Contractual Ambiguities</u>**

Where a provision of a contract is ambiguous or subject to multiple meanings, you may look to other evidence to determine the intent of the parties. If you are still not able to resolve the ambiguity, the ambiguous provision should be interpreted against the party that drafted it.

*Farley v. Salow*, 67 Wis. 2d 393, 404-05, 227 N.W.2d 76 (1975); *Roth v. City of Glendale*, 2000 WI 100, ¶¶ 49-50, 237 Wis. 2d 173, 614 N.W.2d 467 (Sykes, J., concurring).

## <u>Contractual Language: Incorporated Herein by Refernce</u>

The phrase "incorporated herein by reference" is used in contracts to make one document become part of another separate document.

*West's Encyclopedia of American Law, 2nd Ed.* S.v. "Incorporation by Reference."

## 3032   MODIFICATION BY CONDUCT

If you determine that one party to a contract has performed in a manner differing from the strict obligations imposed on him or her by the contract, and the other party by conduct or other means of expression induced a reasonable belief by the first party that strict performance was not insisted upon, but that the modified performance was satisfactory and acceptable as equivalent, you may then conclude that the parties have assented to a modification of the original terms of the contract and that the parties have agreed that the different mode of performance will satisfy the obligations imposed on the parties by the contract.

The acts which are relied upon to show modification of a contract may not be ambiguous in character.  Acts which are ambiguous, and which are consistent either with the continued existence of the original contract or with a modification, are not sufficient to establish a modification.

Copyright 1993, Regents, Univ. of Wis.

## 3050  CONTRACTS:  SUBSEQUENT CONSTRUCTION BY PARTIES

Whether the parties to a contract gave it a particular construction is to be regarded by you in giving effect to the provisions of the contract.  The subsequent acts of the parties, showing the construction that they themselves have put upon the agreement, are to be considered by you for the purpose of assisting you in arriving at a determination of what the arrangement was between the parties.

Copyright 1993, Regents, Univ. of Wis.

## 3053   BREACH OF CONTRACT

A party to a contract breaches it when performance of a duty under the contract is due and the party fails to perform.  Failing to perform a duty under the contract includes defectively performing as well as not performing at all.

Copyright 2007, Regents, Univ. of Wis.

## 3057  WAIVER

Waiver means that a person is precluded from asserting a right, a claim or privilege because he or she has previously knowingly, voluntarily, and intentionally relinquished or given up that right, claim, or privilege.

Waiver must be a voluntary act and implies a knowing choice by a person to dispense with something of value or to forego a right or advantage which the person might have demanded and insisted upon.  It only involves the conduct of the party against whom the waiver is asserted and consideration is not necessary for the doctrine to apply; nor need there be a detriment or harm to the party claiming the waiver.

The following elements must appear before the doctrine of waiver can apply:

1.      That the person had a right, claim, or privilege in existence at the time of the claimed waiver.

2.      That the person who is alleged to have waived such a right had knowledge, actual or constructive, of the existence of his or her rights or of the important or material facts which were the basis of his or her right.

3.      That the person waiving such right did so intentionally and voluntarily.

Constructive knowledge is knowledge which one has the opportunity to acquire by the exercise of ordinary care and diligence.  If a person is ignorant of a material or important fact, that is, if he or she lacks actual or constructive knowledge, a waiver is not possible.

The intent to waive can be inferred from the conduct of the party against whom the waiver is claimed.  However, the conduct or act out of which the waiver is sought to be established must have been done intentionally and with present knowledge of the rights involved, or of the material or important facts which are the basis of those rights.

Unreasonable delay in taking or not taking action may be taken into account in considering whether there has been conduct amounting to a waiver.

Copyright 1993, Regents, Univ. of Wis.

## **Preliminary Contractual Writings**

Where the parties understand that preliminary writings are to be followed by a formal contract containing additional material provisions and signed by the parties, the preliminary writings are not a contract.  Even if the parties agree, point by point, on all the terms of a contract, if they understand that the execution of a formal document shall be a prerequisite to their being bound, there is no contract until the final document.

*Am. Nat'l Prop. & Cas. Co. v. Nersesian*, 2004 WI App 215, ¶ 19, 277 Wis. 2d 430, 443, 689 N.W.2d 922, 928; *Goldstine v. Tolman*, 157 Wis. 141, 155-56, 147 N.W. 7 (1914); *Lambert Corp. v. Evans*, 575 F.2d 132, 135 (7th Cir. 1978)(interpreting Wisconsin law).

## 2780   INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

Question __6__ of the Special Verdict asks whether ~~(plaintiff~~BLM~~)~~ had a contractual relationship or ~~(prospective contractual relationship)~~ with ~~(3rd party)~~ Johnson Bank.

~~[If there is an issue on whether the relationship amounts to a contract, use appropriate contract instructions.]~~

Question __7__ ~~——~~ of the Special Verdict asks whether ~~(defendant)~~DRM interfered with the ~~(prospective)~~ contractual relationship of BLM~~(plaintiff)~~ and Johnson Bank.

An interference may consist of any conduct or words conveying to ~~(3rd party)~~ Johnson Bank the defendant's desire to influence ~~(3rd party)~~ Johnson Bank to refrain from dealing with ~~the plaintiff~~BLM.  It could be a simple request or persuasion, exerting only moral pressure, as well as threats or promises of some benefit to ~~(3rd party)~~ Johnson Bank.  It does not require ill will or expression of malice towards the plaintiff.

Question __8__ ~~——~~ of the Special Verdict asks whether that interference on ~~(defendant)~~DRM's part was intentional.

In determining ~~(defendant)~~DRM's intent, you may consider ~~(his) (her)~~its actions and statements.  Ordinarily, it is reasonable to infer that a ~~person~~party intends the natural and probable consequences of ~~(his) (her)~~its acts.

Although other reasons may appear, ~~(plaintiff)~~BLM must prove that ~~(defendant)~~DRM's prime purpose was to interfere with the contractual relationship ~~(plaintiff)~~BLM had with ~~(3rd party)~~ Johnson Bank or ~~(defendant)~~DRM knew or should have known that such interference was substantially certain to occur as a result of the conduct.

~~[If knowledge (plaintiff)'s relationship with (3rd party) is an issue, add the following:~~  It is not necessary that ~~(defendant)~~DRM had actual knowledge of this specific contract.  It is sufficient that ~~(defendant)~~DRM had knowledge of facts which, if followed by inquiry ordinarily made by a reasonable and prudent person, would have led to a disclosure of the contractual relationship between ~~(plaintiff)~~BLM and ~~(3rd party)~~ Johnson Bank.  This is sometimes referred to as "constructive knowledge."~~]~~

Question __10__ asks whether a causal connection existed between the interference by ~~(defendant)~~ DRM and the damages claimed by ~~(plaintiff).~~ BLM.

Before you can find that ~~(defendant)'s~~ DRM's  conduct was a cause of the claimed damages, you must find that the defendant's conduct was a substantial factor; that is, it had a substantial influence in producing the damages claimed by BLM. ~~the plaintiff.~~In other words, there must be a real causal connection between DRM's conduct ~~defendant's conduct and plaintiff's~~ and BLM's claimed damages.

Question ~~-~~ __9__ ~~——~~ asks whether ~~(defendant)~~DRM was justified ~~(or privileged)~~ to

interfere with the contractual relationship ~~(plaintiff)~~BLM had with ~~(3rd party)~~ Johnson bank.

In determining whether ~~(defendant)~~DRM's conduct was justified, you should weigh all the circumstances of the case. Among the factors you should consider are (1) the nature, type, duration, and timing of the conduct; (2) whether ~~(defendant)~~DRM had an improper motive; (3) whether ~~(defendant)~~DRM was motivated by self-interest as opposed to a public interest; (4) the type of interest allegedly interfered with; (5) society's interest in protecting both freedom of action on ~~(defendant)~~DRM's part and contractual relationship of parties; (6) the closeness or remoteness of ~~(defendant)~~DRM's conduct to the alleged interference; (7) whether ~~(plaintiff)~~BLM and ~~(defendant)~~DRM are competitors; and (8) whether ~~(defendant)~~DRM's conduct, even though intentional, was fair and reasonable under the circumstances.

A defendant's conduct may only be found justified if the means employed by the defendant were lawful. A person's conduct cannot be justified if the person acted from ill will or an improper motive towards the plaintiff. Some ill will does not preclude the possibility of justification, so long as defendant acted in substantial part with a proper motive in mind.

**[For privileges, see Comment.]**

The burden of proof as to questions 6, 7, 8, 10 ~~one, two, three, four, and six~~ is on ~~(plaintiff)~~BLM. The burden of proof as to question 9 ~~five~~ is on ~~(defendant)~~DRM. ~~In questions one and five, t~~The party contending that the question should be answered "yes" must satisfy you, by the greater weight of the credible evidence, to a reasonable certainty, that "yes" should be your answer.

Before you may answer "yes" to questions 7, 8, 10 ~~, two, three, or four,~~ BLM~~(plaintiff)~~ must satisfy you by evidence that is clear, satisfactory, and convincing, to a reasonable certainty, that "yes" should be your answer as to the questions under consideration.

~~**SPECIAL VERDICT**~~
~~First Question: Did (plaintiff) have a contract with (third party) at the time of (defendant)'s alleged interference?~~
~~Answer: _____~~
~~Yes or No~~
~~[Note: In most cases, the first question can be answered by the court as a matter of law.]~~
~~Second Question: If you have answered question 1 "yes," answer this question: Did (defendant) interfere with (plaintiff)'s contract with (third party)?~~
~~Answer: _____~~
~~Yes or No~~
~~Third Question: If you have answered question 2 "yes," answer this question: Was the interference on (defendant)'s part intentional?~~

~~Answer: _____~~

~~Yes or No~~

~~Fourth Question:  If you have answered question 3 "yes," answer this question:  Was the interference on (defendant)'s part a cause of damages to (plaintiff)?~~

~~Answer: _____~~

~~Yes or No~~

~~Fifth Question:  If you have answered question 4 "yes," answer this question:  Was the interference on (defendant)'s part justified?~~

~~Answer: _____~~

~~Yes or No~~

~~Sixth Question:  Damages~~

Copyright 2014, Regents, Univ. of Wis.

**2001   INTENTIONAL VERSUS NEGLIGENT CONDUCT**

There is a dispute in this case about whether the conduct of ~~(defendant)~~DRM in _____ ~~(state the conduct in question)~~ sending its October 1, 2014 letter to Johnson Bank was intentional or negligent.

If ~~(defendant)~~DRM actually meant some harm to follow from a particular act or where some harm is substantially certain to follow from an act according to common experience, then ~~(defendant)~~DRM may be said to have intended the result and ~~(his)~~ ~~(her)~~its conduct was intentional.

Intent requires both an intent to do an act <u>and</u> an intent to cause injury by that act. An intent to cause injury exists where the actor actually means to cause injury by his or her conduct or where injury is almost certain to occur from the actor's conduct.

If you find that the defendant intended to cause harm in some way, however great or small, or that ~~(defendant)~~DRM's conduct was <u>almost certain</u> to cause harm in some way, however great or small, then ~~(defendant)~~DRM's conduct was intentional.

If, however, the conduct of ~~(defendant)~~DRM merely created a risk of some harm to someone, which may or may not have resulted, then ~~(defendant)~~DRM's conduct was negligent as opposed to intentional.

Copyright 1995, Regents, Univ. of Wis.

## 1700   DAMAGES:  GENERAL

The verdict contains the following damage questions, numbered ___ through ___.

[Read question(s).]

**[Note:  Select the following paragraphs which are appropriate.]**

~~[I have answered question(s) _____ because the parties have agreed on the amount(s) to be inserted.  You should not conclude from the fact I have answered (this) (these) question(s) as to the amount of damages that any party has admitted fault or that any party may be responsible for the amount(s) inserted.  Finally, you should not assume that because I have answered (this) (these) question(s), that a party already has or necessarily will recover (this) (these) amount(s).  Parties, may, as here, agree on an amount of damages without admitting they are responsible for the damages.]~~

~~_____ [You must answer the damage question(s) no matter how you answered any of the previous questions in the verdict.~~ The amount of damages, if any, found by you should in no way be influenced or affected by any of your previous answers to questions in the liability verdict.~~]~~

~~[In answering the damage question(s), completely disregard any percentages which you may have inserted as your answers to the subdivisions of question _____, the comparative negligence question.]~~

~~_____ [In answering the damage questions, be careful not to include or duplicate in any answer amounts included in another answer made by you or me.]~~

~~[~~Your answer(s) to the damage question(s) should not be affected by sympathy or resentment ~~(or by the fact that one (or more) of the parties from whom damages are sought (is an insurance corporation) (are insurance corporations))~~; nor should you make any deductions because of a doubt in your minds as to the liability of any party to this action.~~]~~

~~[**Note:  Do not use this paragraph if Wis JI-Civil 202 is used:**~~ In considering the amount to be inserted by you in answer to each damage question, the burden of proof rests upon each person claiming damages to satisfy you by the greater weight of the

credible evidence, to a reasonable certainty, that the person sustained damages with respect to the element or elements mentioned in the question and the amount of the damages.  The greater weight of the credible evidence means that the evidence in favor of an answer has more convincing power than the evidence opposed to it.  Credible evidence means evidence you believe in light of reason and common sense.  "Reasonable certainty" means that you are persuaded based upon a rational consideration of the evidence.  Absolute certainty is not required, but a guess is not enough to meet the burden of proof.  The amount inserted by you should reasonably compensate the person for the damages from the accident.]

[Determining damages for intentional interference with contractual relationship(pain and suffering) (insert other type of damages) cannot always be made exactly or with mathematical precision; you should award as damages amounts which will fairly compensate BLM(named party) for (his) (her)its injuries.]

[The amount you insert in answer to each damage question is for you to determine from the evidence.  What the attorneys ask for in their arguments is not a measure of damages.  The opinion or conclusions of counsel as to what damages should be awarded should not influence you unless it is sustained by the evidence.  Examine the evidence — carefully and dispassionately — and determine your answers from the evidence in the case.]

Copyright 2005, Regents, Univ. of Wis.

## 3710   CONSEQUENTIAL DAMAGES FOR BREACH OF CONTRACT

The law provides that a person who has been damaged by a breach of contract shall be fairly and reasonably compensated for his or her loss.   In determining the damages, if any, you will allow an amount that will reasonably compensate the injured person for all losses that are the natural and probable results of the breach.

Copyright 1994, Regents, Univ. of Wis.

## 3720   DAMAGES:  INCIDENTAL

Damages may be awarded in such sum as will compensate the injured party for expenses reasonably incurred in the inspection, receipt, transportation, care, or resale of goods or merchandise; and for commissions, interest, and any other reasonable expense incident to the breach of the contract.

Copyright 1994, Regents, Univ. of Wis.

## 3725  DAMAGES: FUTURE PROFITS

The loss of (prospective) (future) profits is a proper basis for awarding damages resulting from a breach of contract when the circumstances are such that the future damages may be computed with some reasonable certainty.  The law places the burden of proof of establishing loss of future profit upon (plaintiff)DRM.  If you find the evidence in this case to be so uncertain that you cannot do more than merely guess, speculate, or conjecture as to whether (plaintiff)DRM is entitled to recover certain damages due to the loss of future profits, then you cannot award damages for future profits.

The law allows only such damages as have been proved by the greater weight of the credible evidence, to a reasonable certainty.  The burden to prove damages is not satisfied by evidence which merely shows that something might or might not exist or might or might not occur in the future.  Mere possibilities leave the resolution of the issue of damages for future profits in the field of speculation and conjecture to such an extent as to afford no basis for an inference; and, in the absence of at least such inference, there is no sufficient basis for awarding damages for the loss of future profits.

Although damages may not be based on speculation, it is not necessary that you should arrive at a conclusion of loss of future profits with mathematical certainty.  In the very nature of things, such profits cannot be definitely determined.  If the wrong itself is of such a nature as to preclude the determination of the amount of damages with certainty, it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable estimation, although the result may only be approximate.

With these general principles in mind, you are instructed that evidence of prior profits in the same business may be used by you as a basis for a computation of loss of future profits as well as any other evidence in the case bearing upon the issue.

Loss of future profits is to be determined by you as of the date of the breach of contract.

Damages may be awarded for loss of profits only if you determine that the wrongful act of the defendant caused the loss.

You may award damages for loss of profits only if you first determine that the defendant at the time the contract was made had reason to foresee the loss of profits as a probable result of a breach.

Copyright 2008, Regents, Univ. of Wis.

## 3735   DAMAGES:  LOSS OF EXPECTATION

The measure of damages for a breach of contract is the amount which will compensate the plaintiff for the loss suffered because of the breach.  A party who is injured should, as far as it is possible to do by monetary award, be placed in the position in which he or she would have been had the contract been performed.  The fundamental basis for an award of damages for breach of contract is just compensation for losses necessarily flowing from the breach.  A party whose contract has been breached is not entitled to be placed in a better position because of the breach than the party would have been had the contract been performed.  The injured party is entitled to the benefit of his or her agreement, which is the net gain he or she would have realized from the contract but for the failure of the other party to perform.

Copyright 1994, Regents, Univ. of Wis.

## **Damages: Intentional Interference with Contractual Relationship**

In considering damages for DRM's intentional interference with BLM's contractual relationship with Johnson Bank, you may compensate BLM for any pecuniary loss of benefits of the contract, and any causally related consequential losses.


WIS JI-Civil 2780 Cmt. *citing* Restatement, Second, Torts, § 774A.