IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DRM, INC.,

                Plaintiff,                          OPINION AND ORDER

v.

                                                      14-cv-754-wmc

BLM LAND, LLC,

                Defendant.

Before the court are two motions in limine, both brought by plaintiff DRM, Inc. In the first motion, DRM seeks to exclude defendant BLM Land, LLC, from seeking attorneys' fees related to this litigation as an element of its damages, on the basis that such an award is not contemplated by the contract or by any statute. (Dkt. #33.) BLM submits no response to this motion, which the court will construe as BLM agreeing with the motion, if not the merits of DRM's position. Accordingly, the court will grant the motion as unopposed.

In the second motion in limine, DRM seeks to exclude BLM from introducing evidence or argument related to DRM's potential malpractice claim against its former counsel Cline Williams Wright Johnson & Oldfather L.L.P. ("Cline Williams") based on an attorney's drafting error. (Dkt. #35.) DRM contends that the possibility of a legal malpractice claim is not relevant to any issue present in this case. Even if relevant, DRM further argues that it would be prejudiced by this evidence and argument because the jury may conclude that DRM need not recover against BLM because it has a claim against its former counsel, analogizing this situation to Wisconsin's collateral source rule. (Pl.'s Mot. (dkt. #35) 4.)

BLM opposes this motion, arguing that the evidence is relevant to the jury's determination of "DRM's president Matt Johnson's motivation to testify in a specific manner about his intentions for the language in the use restriction." (Def.'s Opp'n (dkt. #56) 1.) As best as the court can discern, BLM would like to argue that Johnson has a basis for testifying that he intended for his attorney to draft a use restriction with the "or" language because, based on that position, he can pursue a malpractice claim if he loses his lawsuit against BLM. (*Id.* at 2.) The court agrees that the possibility of a malpractice claim is too attenuated for the jury to assess its impact on Johnson's credibility, or as an (additional) incentive to lie, but is also potentially a source for jury confusion, it not outright prejudice.

BLM may, of course, challenge Johnsons' testimony based on *other* evidence indicating that he intended to restrict sub sandwich restaurants only. Any probative value of evidence and argument of a possible malpractice claim is far outweighed by the strong risk that this information could muddle the jury's determination in this case -- namely, whether BLM is liable for DRM's damages and, if so, in what amount. Accordingly, unless DRM opens the door, BLM may not introduce this topic through evidence or arguments, and the court will grant DRM's second motion in limine.

ORDER

IT IS ORDERED that:

1) plaintiff DRM, Inc.'s motion in limine to preclude defendant BLM Land, LLC from claiming its attorneys' fees related to this litigation as an element of damages (dkt. #33) is GRANTED as unopposed; and

2) plaintiff's motion in limine to preclude defendant from introducing evidence or argument related to its former counsel's potential malpractice liability (dkt. #35) is GRANTED.

Entered this 5th day of May, 2015.

>BY THE COURT:
>
>/s/
>
>_____
>WILLIAM M. CONLEY
>District Judge