# CLOSING INSTRUCTIONS

## A. Introduction

Ladies and Gentlemen of the Jury:

You are about to hear closing arguments of the parties. Before these arguments, I will instruct you on the law. After closing arguments, I will provide very brief instructions governing your deliberations. After that, the case will be in your hands.

### 1. Questions for Deliberations

It is my job to decide what rules of law apply to this case and to explain those rules to you. It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them. You must follow all of the rules; you may not follow some and ignore others.

The case will be submitted to you in the form of a special verdict consisting of 2 questions. [Read special verdict form.] In answering the questions, you should consider only the evidence that has been received at this trial. Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

Note that the second question in the verdict is to be answered only if you answer the first question "yes." Read the directions after each question carefully to ensure you are *not* answering a question needlessly.

2. **Burden of Proof**

On the questions in the special verdict, the burden of proof is generally on the party contending that the answer to a question should be "yes." You should base your decision on all of the evidence, regardless of which party presented it.

You will also see that there are actually two different "burdens of proof" that apply in this case depending on the issue you are deciding. When a party has the burden to prove any matter by "a preponderance of the evidence," it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. When a party has the burden to prove any matter by "clear and convincing evidence," it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is highly probable or reasonably certain. When determining your answer to any of the special verdict questions, keep in mind the burden of proof that applies to that question or issue.

3. **Answers Not Based on Guesswork**

If, after you have discussed the testimony and all other evidence that bears upon a particular question or issue, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof as to that question or issue has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question or issue under consideration.

B.  **Special Verdict**

1.  **Determining the Parties' Intent**

As you know, the parties dispute which types of restaurants may move in next to DRM's Arby's.  The court has found that Section 2 of the Lease, describing "Use of Premises" and the "Declaration of Restrictive Covenant," is internally inconsistent.  DRM claims that the language of Section 2 should be "reformed" to reflect the parties' *actual* intent.  A party seeking reformation must offer clear and convincing evidence that both parties intended Section 2 to read in its favor at the time of the contract.

You will be asked to determine whether DRM has met its burden.  In reaching your decision, you may consider:

- the words in dispute;
- the purpose of the contract;
- the circumstances surrounding the making of the contract;
- the subsequent conduct of the parties; and
- other language in the contract.

If you are unable to decide the intention of the parties after considering these factors, then you should interpret the disputed language against the party who prepared the contract.

2.  **Modification by Conduct**

If you determine that one party to a contract has performed in a manner differing from the strict obligations imposed on him or her by the contract, and the other party by conduct or other means of expression induced a reasonable belief by the first party that strict performance was not insisted upon, but that the modified performance was satisfactory and acceptable as equivalent, you may then conclude that the parties have assented to a modification of the original terms of the contract and that the parties have agreed that the different mode of performance will satisfy the obligations imposed on the parties by the contract.

The acts which are relied upon to show modification of a contract may not be ambiguous in character.  Acts which are ambiguous, and which are consistent either with the continued existence of the original contract or with a modification, are not sufficient to establish a modification.

Defendant BLM Land contends that DRM modified the scope of the use restriction by its conduct.  To prevail on this defense, BLM Land must prove modification by a preponderance of the evidence.