IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DRM, INC.,

                Plaintiff,                              ORDER

v.

                                                        14-cv-754-wmc

BLM LAND, LLC,

                Defendant.

        The court circulated a proposed judgment, requesting responses from the parties. (Dkt. ##83, 83-1.) While defendant BLM Land, LLC, responded that it had no objection to the proposed judgment, plaintiff DRM, Inc. has raised a number of objections, to which BLM Land has since responded. (Dkt. ##84, 85.) For reasons explained below, the court rejects those objections, save for making a minor edit.[1]

        DRM principally takes issue with the judgment to the extent that the jury's finding of modification by subsequent conduct implicates any issue beyond its breach of contract claim. The court rejects this challenge because the jury's finding of modification of conduct was in no way limited to the specific sale of land or introduction of a Chipotle restaurant. Indeed, as the court found at trial, the ultimate factual question posed to the jury went well beyond plaintiff DRM's original, specific claim of breach of contract by virtue of defendant BLM Land's affirmative defenses and counterclaims. (*See* Answ., Affirmative Defenses (dkt. #10) ¶¶ 1,2 at p.12; Counterclaim (dkt. #13) ¶¶ 60-68; *see also* Def.'s Proposed Jury Instructions (dkt. #40) p.7; Pl.'s Resp. to Def.'s Proposed Jury

---

[1] This opinion assumes a detailed knowledge of this case as set forth in the court's rulings of summary judgment and at trial.

Instructions (dkt. #52) p.2.)  Rather, based on the evidence at trial, the jury was asked and plainly found that DRM modified the scope of its use restriction generally through its conduct by:  (1) approving the filing of a Declaration of Restrictive Use provision containing the "in" language; and (2) subsequently failing for four years to object to email and other communications in which DRM disavowed the broadly-worded "or" language of the use restriction as originally contemplated by the parties' written agreement.

Relatedly, the court rejects DRM's argument that the judgment "goes too far." (Pl.'s Resp. (dkt. #84) ¶ 2.)  While the jury was not expressly asked the exact nature of the modification, the court finds that the *only* reasonable conclusion from the evidence admitted at trial and both sides' arguments to the jury is that DRM modified the use restriction to the "in" provision in light of its repeated failures to object to that language being used in the filed Declaration of Use Restriction.[2]  Certainly, the alternative, only now being proposed by DRM -- that the restrictive contract had been modified by subsequent conduct of the parties to permit a Chipotle to move into the area -- makes no sense.  To the contrary, it was the proposed introduction of a Chipotle that gave rise to this lawsuit, not to the modification.  The modification by conduct came well before BLM Land sold a portion of the property subject to the use restriction or the introduction of Chipotle as a possible tenant.  Accordingly, any modification is certainly *not* limited to that sale or the introduction of that single franchise.

---

[2] In light of this, the court rejects also the specific, red-lined edits DRM provided to the court.  (*See* dkt. #84-1.)

In light of the parties' testimony, the only other possible modification that the jury could have found would be that BLM Land must contact DRM if it was uncertain as to the scope of the restriction and consider DRM's objections, if any. *DRM* not only vigorously opposed this modification at trial, but it is so vague as to render the jury's finding of a meeting of the minds as to the modification nonsensical. Indeed, DRM itself *stipulated* before trial to adopting "in" rather than "or" if the alternative was to find *no* meeting of the minds, and thus a void agreement. This is still DRM's stark choice if it does not accept the "in" language in light of the jury's verdict of modification by conduct.

Finally, DRM requests that the judgment reflect that BLM Land dismissed its tortious interference claim after Phase I of trial. The court will make that edit to the final judgment.

Entered this 3rd day of June, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge